

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Coleman, Jr.
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-3786
Re: Under the provisions of
S. B. 45, are lumber com-
panies permitted to regis-
ter their trucks at the re-
duced rates therein pro-
vided if they are used ex-
clusively to haul timber
grown on lands owned by
the said companies to
their mills for process-
ing?

We are in receipt of your letter of July 16, 1941,
in which you request the opinion of this department upon the
question set out therein as follows:

"The Angelina County Lumber Company of this
county and other lumber companies in this coun-
ty own a great deal of timber and the land on
which it grows. Under the provisions of Senate
Bill No. 45 these companies have registered cer-
tain trucks which they use to haul logs grown
on their land to their mills, and also they
transport their men to this land, which they
own and on which the timber is grown, to cut
and load the timber.

" * * *

"Accordingly I will appreciate your an-
swering the following question:  Under the

815

provisions of Senate Bill No. 43, Acts of
the 47th Legislature, are lumber companies
permitted to register their trucks at the
reduced rates therein provided if they are
used exclusively to haul timber grown on
lands owned by the said company to their
mills for processing?"

Section 4 of Senate Bill 43 provides as follows:

"Amend Acts 1929, 41st Legislature,
Second Called Session, page 172, Chapter
88, Section 6a, as added Acts 1933, 43rd
Legislature, First Called Session, page
82, Chapter 27, Section 1, as amended
Acts 1934, 43rd Legislature, Third Called
Session, page 75, Chapter 38, Section 1,
so as to hereafter read as follows:

"'Section 6a. When a commercial
motor vehicle sought to be registered and
used by the owner thereof only in the trans-
portation of his own poultry, dairy, live-
stock, livestock products, timber in its
natural state, and farm products to market,
or to other points for sale or processing,
or the transportation by the owner thereof
of laborers from their place of residence,
and materials, tools, equipment and sup-
plies, without charge, from the place of
purchase or storage, to his own farm or
ranch, exclusively for his own use, or use
on such farm or ranch, the registration
license fee, for the weight classifications
herein mentioned, shall be fifty (50%) per
cent of the registration fee prescribed for
weight classifications in Section 5 of the
Act hereby amended, as amended in this Act;
provided further, that it shall be the duty
of the Highway Commission to provide license
plates distinguishable from license plates
used for other commercial motor vehicles
using the highways; provided further, if the
owner of any commercial motor vehicle, com-
ing within the provisions of this Act, shall

Honorable Tom Coleman, Jr., Page 3

use or permit to be used any such vehicle
for any other purpose than those provided
for in this Act, he shall be guilty of a
misdemeanor, and upon conviction, shall be
fined in any sum not less than Twenty-five
($25.00) Dollars nor more than Two Hundred
($200.00) Dollars, and each use of such ve-
hicle and each permission for such use of
such vehicle shall constitute a separate
offense; provided, however, that all com-
mercial motor vehicles, truck tractors,
road tractors, trailers and semi-trailers
as defined in Section 1 of Chapter 23 of
the General Laws of the Fifth Called Ses-
sion of the 41st Legislature, not coming
within the provisions of this Act shall
be required to pay all registration and
license fees prescribed by the other pro-
visions of Chapter 88, General Laws of
the 41st Legislature, Second Called Ses-
sion as amended by this Act!"

The above quoted amendment included within
Article 6675a-6a of Vernon's Annotated Civil Statutes the
classification of "timber in its natural state" for the
first time. Subsequent to the above quoted amendment this
department ruled in opinion No. O-3317 as follows:

"In the above enactment the legislature
included for the first time, the classifica-
tion of 'timber in its natural state.' Un-
questionably cedar posts would come within
this legislative classification. Therefore
an individual may in our opinion, operate
a vehicle with a farm license thereon as
provided in Section 6a, supra, and haul
cedar posts cut off of land that said in-
dividual owns.

"   *   *   *

"   *   *   *It is the opinion of this
department therefore that the individual
who purchases timber from others or who

Honorable Tom Coleman, Jr., Page 4

> leases land for the sole purpose of removing timber therefrom would not be entitled to the 'farm license' provided for in Article 6675a-6a, supra. * * * "

Under the facts set out in your letter the company owns the land from which the logs are being cut. It is our opinion that in such a case the company would be in the same position as the individual who hauls cedar posts which he has cut from his own land - that is entitled to a license at the reduced fee set out in Section 6a of the Registration Law, supra. We further believe that from a reading of said Section it is clear that the Legislature intended for anyone operating motor vehicles to transport timber in its natural state grown on his own land to be able to use said vehicle for the purpose of transporting laborers to the land for purpose of removing said timber in its natural state.

We do not believe that any company or individual could haul timber in its natural state which he had purchased from others or which he had taken off of land leased for purposes of removing the timber therefrom in a commercial motor vehicle with a license obtained under Section 6a, supra. We also do not believe that any individual could haul lumber or any other commodity made from timber after the timber in its natural state had been processed, regardless of whether the timber in its natural state had been taken off land owned by the individual or not. It is our opinion also, that if a company owns land it may use a motor vehicle which has a license secured under Section 6a, supra, to haul logs in their natural state out from such land and also to haul laborers to the land for the purpose of cutting such timber.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_
Billy Goldberg
Assistant

APPROVED JUL 25, 1941

_Grover Sellers_
FIRST ASSISTANT
ATTORNEY GENERAL

BG:cj